IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI,
EASTERN DIVISION

**MARK WALLACE MANN and**                       **PLAINTIFFS**
**DANA SUZANNE MANN**

**V.**                                **CIVIL ACTION NO.: 1:08CV86-SA-JAD**

**NATIONWIDE MUTUAL FIRE &**
**CASUALTY INS. CO.**                                  **DEFENDANTS**

**MEMORANDUM OPINION
GRANTING SUMMARY JUDGMENT**

Presently before the Court is the Defendant's motion for summary judgment [25]. Upon due consideration, the Court finds that the motion shall be granted.

**I.**      **Factual and Procedural Background**

Plaintiffs originally filed this action in the County Court of Lee County and was timely removed by the Defendants on the basis of diversity which has not been contested. This case arises out of an alleged theft loss of a ring which occurred on or about September 12, 2005, in Lee County, Mississippi. Thereafter, Plaintiff made a claim under his Inland Marine insurance policy which was issued by Defendant Nationwide Mutual Fire & Casualty Insurance Company ("Nationwide"). An investigation was performed, and Plaintiffs' claim was denied.

Plaintiffs subsequently filed suit in the County Court of Lee County on November 28, 2007, against Sharon Wallace and Nationwide. Plaintiffs contend that they sought to have a ring added to an existing policy of insurance issued by Nationwide, that the insurance agent for Nationwide, Sharon Wallace, represented that the policy was issued, and that the policy was not actually issued. Plaintiffs have alleged causes of action for fraudulent misrepresentation, negligent misrepresentation, and negligence.

Contrastly, Defendants contend that the ring was in fact added to the existing policy as

requested; however, Defendants denied Plaintiffs' claim, based in part upon a finding that material misrepresentations were made in the application for insurance. Defendants filed a motion to dismiss Defendant Sharon Wallace on April 23, 2008, in which Plaintiffs never responded. The Court issued an Order to Show Cause on February 9, 2009, ordering Plaintiffs to show cause as to why claims against Defendant Sharon Wallace should not be dismissed. Plaintiffs were given until February 20, 2009, to respond. Plaintiffs did not respond, and the Court granted Defendants' motion to dismiss as to Defendant Sharon Wallace on March 4, 2009. Defendants have now filed a motion for summary judgment arguing that Plaintiffs failure to disclose prior losses and cancellations constitutes material misrepresentations entitling the policy to be rescinded. Stated differently, Nationwide's position is that had the known material information been disclosed the policy may not have been issued. Plaintiffs have failed to respond to Defendants' summary judgment motion.

## II.     Summary Judgment Standard

Summary judgment is apposite "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(C). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1983 Real Estate Partnership v. Cadle Co., 39 F. 3d 528, 531 (5th Cir. 1994) (internal citations omitted). The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate." Morrison v. Covan World Wide Moving, Inc., 144 F. 3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). But the nonmovant must "do more than simply show that there is metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Moreover, "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. Anderson, 477 U.S. at 252, 106 S. Ct. 2505. The nonmovant must instead come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(E). Summary judgment is properly rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. 2548.

## III. Discussion

### A. Negligence

In order to prevail on a negligence claim, "a plaintiff must establish by a preponderance of the evidence each of the elements of negligence: duty, breach, causation, and injury." South Carolina Ins. Co. v. Keymon, 974 So. 2d 226, 231 (Miss. 2008). Plaintiffs' claim for negligence rests on the allegation that they requested the ring at issue be covered by insurance, that they were told the ring had been added to their policy, and that the ring had not actually been added to the policy. Defendants, however, provided an affidavit of Brandon Coats in support of the summary

3

judgment motion. Brandon Coats is employed by Nationwide as Senior Personal Lines Underwriter for the State of Mississippi. His responsibilities include determining policy eligibility, interpreting policy standards and contracts, and portfolio management. Brandon Coats stated that effective July 26, 2005, a twelfth piece of jewelry was in fact added to the policy. The jewelry was described as a ladies platinum engagement ring containing a pear cut diamond. Coats further states that as of September 19, 2005, the date Mr. Mann reported the theft of the ring, as well as September 12, 2005, the date of the stated loss, the insurance policy was in force with the ring listed as an insured item. Although Plaintiffs' claim under the insurance policy was denied based on misrepresentations made by Plaintiffs in the application, the ring was still covered at the time of the loss. Therefore, there were no misrepresentations made by either Nationwide or their agent Sharon Wallace. As such, Plaintiffs are unable to establish the breach of duty element required in a negligence case. Accordingly, Nationwide is entitled to summary judgment as a matter of law on Plaintiffs' negligence claim.

      B.      Negligent Misrepresentation

In order to succeed on a claim for negligent misrepresentation, Plaintiffs must prove, "(1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) failure to exercise reasonable care on the part of the defendant; (4) reasonable reliance on the misrepresentation or omission; and (5) damages as a direct result of such reasonable reliance." Levens v. Campbell, 733 So. 2d 753, 762 (Miss. 1999) (internal citations omitted). As there was no misrepresentation made by Defendant Sharon Wallace, since in fact coverage was in place on the ring, Plaintiffs are unable to establish the element of a misrepresentation or omission of fact necessary to prove a claim for negligent misrepresentation. Therefore, Nationwide is entitled

to summary judgment as matter of law on Plaintiffs' negligent representation claim.

C.   Fraudulent Misrepresentation

Under Mississippi law, in order to prove fraudulent misrepresentation, Plaintiffs must show: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." Levens, 733 So. 2d at 761. Plaintiffs' theory under this claim is that Defendant Wallace told them the insurance coverage as to the ring was in place when in fact it was never put in place, and that Defendant Wallace never intended to issue such coverage. However, based upon the affidavit of Brandon Coats, coverage was in place, as requested, but that Plaintiffs' claim was denied due to misrepresentations by Plaintiffs in their application for insurance. Therefore, Plaintiffs have failed to make out a prima facie case of fraudulent misrepresentation against Nationwide as they are unable to show the falsity of the representation that coverage was placed on the ring as requested. Accordingly, Nationwide is entitled to judgment as a matter of law on Plaintiffs' fraudulent misrepresentation claim.

D.   Misrepresentation in the Application for Insurance

"In Mississippi, a material misrepresentation in an application for an insurance policy allows the insurer to void or rescind the policy." Wilson v. State Farm Fire and Cas. Co., 761 So. 2d 913, 917 (Miss. Ct. App. 2000) (citing Coffey v. Standard Life Ins. Co., 120 So. 2d 143, 148-49 (Miss. 1960)). The party seeking to void the insurance contract must establish the existence of a factual misrepresentation and its materiality by clear and convincing evidence." See Carroll v. Metro. Ins. & Annuity Co., 166 F. 3d 82, 805 (5th Cir. 1999). "To establish that, as a matter of law, a material

5

misrepresentation has been made in an insurance application, (1) it must contain answers that are false, incomplete, or misleading, and (2) the false, incomplete, or misleading answers must be material to the risk insured against or contemplated by the policy." Id. Moreover,

> A misrepresentation in an insurance application is material if knowledge of the true facts would have influenced a prudent insurer in determining whether to accept the risk. Stated differently, a fact is material if it might have led a prudent insurer to decline the risk, accept the risk only for an increased premium, or otherwise refuse to issue the exact policy requested by the applicant.

Id.

Here, Plaintiffs requested the ring be added to an existing insurance policy. On the initial application for insurance completed and signed by Plaintiff Mark Mann, Plaintiffs were requested to provide information related to "previous losses." Plaintiffs' response to that interrogatory was "none." Further, the application for insurance requested information related to prior cancellations or non-renewals of insurance to which Plaintiffs failed to provide any information. However, Mark Mann testified under oath that their previous insurance carrier, GuideOne, cancelled their insurance policy after claims were made on that policy for stolen jewelry and an oriental rug. The Court is of the opinion that Plaintiffs have made misrepresentations in their application for insurance both as to prior losses and cancellation of previous insurance.

As to the materiality of the misrepresentations, Nationwide provided the affidavit of Del Locke, a Product Manager for Nationwide. Locke stated that Plaintiffs' misrepresentations were material in that they increased Nationwide's risk of loss. And further, had Nationwide been aware of the prior losses and cancellation, it would have performed more due diligence in investigating the risk to be insured in order to make an appropriate determination of whether actually to insure the risk. Plaintiffs represented in their insurance application that they had not suffered prior losses or

cancellations, which was a false statement of fact. As evidenced by Locke's affidavit, this false statement deprived Nationwide of material information needed to adequately determine if the risk was one to be insured; and had that information been made known, Nationwide would have performed more due diligence in investigating the risk of loss.

Nationwide has proven that the application for insurance contained false statements. Further, Nationwide has demonstrated by clear and convincing evidence that the false statements were material to is determination to accept the risk and ultimately issuing the policy.

**IV.     Conclusion**

Based on the foregoing analysis, Defendant Nationwide has sustained its burden showing there is no genuine issue of fact presented that would require a jury's consideration. Accordingly, Defendant's summary judgment motion [25] is granted.

SO ORDERED, this the 28th day of April, 2009.

**/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**